IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SKIP CHARLES PAUL McENTIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-25-0652-HE |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| U.S. DEPARTMENT OF HEALTH | ) | |
| & HUMAN SERVICES, and | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| HUMAN SERVICES (Child Support), | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff McEntire, proceeding *pro se*, brings this action against two federal agencies and one state agency, alleging violations of federal constitutional and statutory law arising out of the denial of a United States passport. Plaintiff was previously granted leave to proceed in forma pauperis. In light of that determination, the court is required to serve process for plaintiff. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases."); Fed. R. Civ. P. 4(c)(3).

To serve a United States agency, a party "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency[.]" Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United

States attorney designates in writing filed with the court clerk—or . . . send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;" and (2) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A) & (B).

To serve a state-created governmental organization, a party must (1) deliver "a copy of the summons and of the complaint to its chief executive officer;" or (2) serve "a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Oklahoma law, a state-created governmental organization may be served by "delivering a copy of the summons and of the [complaint] to the officer or individual designated by specific statute; however, if there is no statute, then upon the chief executive officer or a clerk, secretary or other official whose duty it is to maintain the official records of the organization." 12 Okla. Stat. § 2004(c)(5).

While the court is required to serve process for plaintiff, the plaintiff must provide correct service information for the United States marshal to effect service. *See* Pemberton v. Patton, 673 Fed. Appx. 860, 864 (10th Cir. 2016).

Accordingly, the court **ORDERS** as follows:

(1) The Clerk of Court is directed to provide plaintiff with (1) a copy of this order, (2) a Pro Se Litigant's Request for Issuance of Summons form; (3) four Summons in a Civil Action forms; and (4) four USM-285 forms;

(2) Plaintiff is directed to complete and submit to the Clerk of Court, by **August 4, 2025**, the following: (1) the Pro Se Litigant's Request for Issuance of Summons; (2) one

copy of the Summons in a Civil Action for each individual or named agency to be served;[1] and (3) the USM-285 form for each individual and named agency to be served. Failure to comply with the court's order may result in a dismissal of this action without prejudice, pursuant to Fed. R. Civ. P. 41(b);

(3) The Clerk of Court is directed to forward the documents upon receipt to the United States Marshals Service for service; and

(4) The U.S. Marshal is directed to effect service of process promptly in accordance with its standard protocols.

**IT IS SO ORDERED**.

Dated this 21st day of July, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *Plaintiff must provide a street address for the individual or named agency to be served. The United States Marshals Service cannot serve process on a P.O. Box.*